

U.S. Department of Justice

*United States Attorney*
*District of Hawaii*

*PJKK Federal Building*
*300 Ala Moana Blvd., Room 6-100*
*Honolulu, Hawaii 96850*

*(808)541-2850*
*FAX (808) 541-3752*

May 23, 2025

**VIA ECF**

Molly C. Dwyer, Clerk of Court
Office of the Clerk
U.S. Court of Appeals for the Ninth Circuit
P.O. Box 193939
San Francisco, CA 94119-3939

      Re:    *Elijah M. Kaneakua v. Estela Derr, et. al.*
                Civ. No. 23-1587 (9th Cir.)
                <u>Oral Argument set for June 3, 2025</u>

Dear Ms. Dwyer:

      On behalf of Defendants-Appellants Warden Estella Derr and Dr. Nathan Kwon, we write to notify the Court of two recent decisions, which affirmed district court dismissals of inmate claims based on *Carlson v. Green,* 446 U.S. 14 (1980): *Rowland v. Matevousian*, 121 F.4th 1237, 1243 (10th Cir. 2024), attached hereto as Exhibit "A", and *Waltermeyer v. Hazlewood*, ___ 4th ___, 2025 WL 1303838 (1st Cir. May 6, 2025), attached hereto as Exhibit "B".

      In both *Rowland* and *Waltermeyer,* treating Bureau of Prisons ("BOP") physicians made informed decisions about courses of treatment to which the inmates objected. *See Rowland,* 121 F.4th at 1240, 43 (physician recommended treatment short of surgery); *Waltermeyer,* 2025 WL 1303838, at *3 (physician deferred approval for knee replacement surgery and offered non-surgical treatment).

Molly C. Dwyer
May 23, 2025
Page 2

The *Rowland* court found that the inmate's claims presented a new context, because, unlike in *Carlson*, prison officials did not act against doctor's orders, give contra-indicated drugs, or knowingly keep the inmate in a medical facility that was grossly inadequate and contrary to doctor's orders. *Rowland,* 121 F.4th at 1243.

The *Waltermeyer* majority, relying in part on *Rowland,* held that factual and legal differences from *Carlson* made Waltermeyer's case a new context. Specifically, the court held that there was no "gross inadequacy in medical care" at the facility; the care provided to the inmate was "not contrary to medically advised procedures"; "unlike in *Carlson*, where both the lack of treatment and several of the treatments administered were medically contraindicated, there are no such allegations here" and "[t]his case involves not the denial of care but the timing of medical treatments which were in accord with doctors' instructions"; "[t]here was no deliberate indifference analogous to *Carlson*"; and the physician defendant "chose more conservative measures" than the inmate's preferred course. *Waltermeyer,* 2025 WL 1303838, at *4-5.

Here, Kaneakua was seen by a BOP physician, who determined an appropriate course of treatment: medication, further testing, and referral to an outside specialist. Accordingly, the differences from *Carlson* identified by the *Rowland* and *Waltermeyer* courts are equally applicable and favor affirming the district court's dismissal of this matter.

Sincerely,

KENNETH M. SORENSON
Acting United States Attorney
District of Hawaii

    /s/ Sydney Spector
By _____
   DANA A. BARBATA
   SYDNEY SPECTOR
   Assistant U.S. Attorneys